# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 19-1382V
UNPUBLISHED

|  |  |
|---|---|
| IRA SHANKAR,<br><br>     Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: June 1, 2022<br><br>Special Processing Unit (SPU);<br>Damages; Influenza (Flu) Vaccine;<br>Guillain-Barré Syndrome (GBS);<br>Reconsideration |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Kimberly Shubert Davey, U.S. Department of Justice, Washington, DC, for Respondent.*

### <u>ORDER DENYING MOTION FOR RECONSIDERATION</u>[1]

On September 11, 2019, Ira Shankar filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered Guillain Barré syndrome ("GBS") as a result of receiving an influenza ("flu") vaccine administered to her on October 10, 2016. The case was assigned to the Special Processing Unit of the Office of Special Masters.

Approximately 11 months after this case was initiated, Respondent filed a Rule 4(c) Report on September 24, 2020, conceding that Petitioner was entitled to

---

[1] Because this Order contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Order will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

compensation. (ECF No. 33). A ruling on entitlement was issued on the same day. (ECF No. 34). The parties thereafter attempted to informally resolve damages but were unable to do so completely, differing particularly on the amount to be awarded for past lost wages, past unreimbursed medical expenses, and for pain and suffering. (ECF No. 48).

The parties subsequently briefed their respective positions regarding damages. (ECF Nos. 48 ("Br."), 49 ("Opp."), and 51 ("Reply")). On April 29, 2022, I held a damages hearing and issued my written decision consistent with my ruling on May 5, 2022. *See* Decision, dated May 5, 2022 (ECF No. 60) (the "Damages Decision").

As the Damages Decision sets forth, I awarded Petitioner the amount she requested for past lost wages and unreimbursed medical expenses, plus $135,000.00 for actual pain and suffering. Damages Decision at 8. I arrived at the latter figure by balancing the severity of a GBS injury generally, and Ms. Shankar's personal loss as evidenced in the record, against her relatively moderate disease course and treatment requirements, finding Respondent's arguments to be the most persuasive on the issue. *Id.* at 7-8. In particular, I agreed that the comparable cases cited by Respondent justified a lower award for pain and suffering than Petitioner requested ($210,000.00), but not one as low as Respondent proposed ($92,000.00). *Id*.

Petitioner now moves for reconsideration of the Damages Decision, arguing that I should "enter a pain and suffering award greater than $135,000.00, one which furthermore considers how the instant case compares with awards issued in three other cases[3], *Fedewa*[4], *Johnson*[5] and *Gross.*[6] Motion for Reconsideration, filed May 26, 2022. (ECF No. 63) ("Motion"). For the reasons stated below, the motion is DENIED.

## I.    Standards for Reconsideration

Vaccine Rule 10(e) provides that either party may seek reconsideration of a special master's decision within twenty-one days after the decision's issuance. Special masters

---

[3] Notably, Petitioner does not cite to *Dillenbeck v. Sec'y of Health & Human Servs.,* 17-428V. 2019 WL 4072069, at *2 (Fed. Cl. Spec. Mstr. July 29, 2019, *aff'd in relevant part*, 147 Fed. Cl. 131 (2020)), which is the third case discussed by Respondent in his brief. The *Gross* case, although cited in Petitioner's Reply brief, was not discussed in detail in any of the briefing or at the hearing.

[4] *Fedewa v. Sec'y of Health & Human Servs.,* No. 17-1808V, 2020 WL 1915138 (Fed. Cl. Spec. Mstr. Mar. 26, 2020).

[5] *Johnson v. Sec'y of Health & Human Servs.,* No. 16-1356V. 2018 WL 5024012 (Fed. Cl. Spec. Mstr. July 20, 2018).

[6] *Gross v. Sec'y of Health & Human Servs.,* No. 19-0835V, 2021 WL 2666685 (Fed. Cl. Spec. Mstr. March 11, 2021).

have the discretion to grant a motion for reconsideration if to do so would be in the "interest of justice." Vaccine Rule 10(e)(3).

Another special master noted that "there is a dearth of law interpreting Vaccine Rule 10(e)(3)," save for the conclusion that (as the rule itself makes clear) it is within the special master's discretion to decide what the "interest of justice" is in a given case. *Krakow v. Sec'y of Health & Human Servs.*, No. 03-632V, 2010 WL 5572074, at *3 (Fed. Cl. Spec. Mstr. Jan. 10, 2011) (granting reconsideration of decision dismissing case for failure to prosecute). Many decisions assume that the standard for reconsideration is congruent with the "manifest injustice" standard utilized under Rule 59(a) of the Rules of the Court of Federal Claims, which has been defined as "clearly apparent or obvious" unfairness. *Amnex, Inc. v. United States*, 52 Fed. Cl. 555, 557 (2002); *see also Krakow*, 2010 WL 5572074, at *3–5 (citations omitted).

I have previously found reconsideration appropriate when the movant's reconsideration request incorporates new (meaning *not previously available*) and relevant evidence that would have impacted the outcome of my determination had it been offered initially. *See*, *e.g.*, *Rodriguez-Luna v. Sec'y of Health & Human Servs.*, No. 15-496V, 2018 WL 774256, at *2 (Fed. Cl. Spec. Mstr. Jan. 3, 2018) (granting motion for reconsideration of final attorney's fees and costs decision when petitioner submitted previously-unfiled billing records). By contrast, I have denied reconsideration requests where the movant simply disagrees with my initial decision, with reference to more recent evidence or scientific/medical determinations. *See, e.g., D'Tiole v. Sec'y of Health & Human Servs.*, No. 15-085V, 2016 WL 8136296 (Fed. Cl. Spec. Mstr. Dec. 21, 2016), *mot. for review den'd*, 132 Fed. Cl. 421 (2017)*, aff'd,* 726 F. App'x 809 (Fed. Cir. 2018); *Kerrigan v. Sec'y of Health & Human Servs.*, No. 16-270V, 2016 WL 7575240 (Fed. Cl. Spec. Mstr. Nov. 22, 2016). An "intervening change in the controlling law" is also a basis for reconsideration. *System Fuels, Inc. v. United States*, 79 Fed. Cl. 182, 184 (2007) (citing United States Court of Federal Claims Rule 59).

## II. Petitioner Has not Shown why Reconsideration is Warranted

Petitioner's motion sets forth no persuasive grounds for reconsideration. Petitioner instead argues that the amount awarded for pain and suffering "fails to adequately reflect the manifest severity of petitioner's GBS." Motion at 3. Petitioner cites to no new and relevant evidence that I had not considered, nor has she argued that there is an intervening change in the controlling law. As I have discussed above, I will not grant a motion for reconsideration simply because a movant disagrees with my initial decision, which is essentially what Ms. Shankar is asking me to do. Her desire for a different outcome, while understandable, is not a basis for reconsideration. *See Chuisano v. Sec'y*

*of Health & Human Servs*., No. 07-452V, 2013 WL 6234660, at *20 (Fed. Cl. Spec. Mstr. Oct. 25, 2013) (explaining that "[o]rdinarily, a motion for reconsideration should not be used to gain a second opportunity to argue what was already decided") (citing *Fillmore Equip. of Holland, Inc. v. United States*, 105 Fed. Cl. 1, 9 (2012), *mot. for review den'd*, 116 Fed. Cl. 276 (May 2014)).

Next, Ms. Shankar states in her Motion that because this case was heard on an expedited basis, I may have not "fully considered the facts of this case when compared to other cases." Motion at 2. But this is inaccurate. An expedited hearing does not mean that I did not fully consider the record as a whole. Although my process of "Motions Day" hearings (most of which resolve disputed damages issues akin to what was presented in this case) does result in more quickly-issued decisions, it is structured to allow each party a full opportunity to present their evidence and argue their respective positions. Thus, no Motions Day determinations are issued before the parties have had the chance *both* to brief their position and argue it before me. In no instance have I circumvented or expedited my preparation or consideration of the arguments and facts in this case, or any other like it.

The specifics of my pain and suffering determination herein reveal how I reasoned my way to the outcome at issue. A significant deficiency in Petitioner's argument was her initial failure to discuss any relevant comparable cases to support her request for an award of $210,000.00 for pain and suffering. Rather, her damages brief merely identified two cases,[7] but with no reasoned analysis to show how they were comparable. Motion at 12. Petitioner also discusses the *Gross* case for the very first time in her Motion for Reconsideration, without explaining why she did not discuss this case in either her Motion or Reply or during oral argument. *See* Transcript, filed May 10, 2022. (ECF No. 62). Respondent, on the other hand, cited, and discussed in detail, three cases (*Fedewa, Johnson,* and *Dillenbeck*) to support his position – and while none supported Respondents preferred award of $92,000.00, the offered comparables were persuasive in establishing that Petitioner's experience was likely less severe, thus justifying a lower award (albeit higher than Respondent's offered amount). Thus, Petitioner's request that "[c]omparisons to th[e] decided cases cited from May 2020 until the present should inform the Chief Special Master's determination of pain and suffering here" (Motion at 9) was met – it is simply the case that I did not find Petitioner's *favored* comparables compelling.

My determination in awarding damages was also based on a close and careful review of the medical records. The specific facts of Ms. Shankar's case are different from

---

[7] The cases were redacted and Petitioner only cites to the case numbers: 17-646V ($225,000.00 awarded for pain and suffering in a decision dated August 20, 2018) and 17-871V ($200,000.00 awarded for pain and suffering in a decision dated May 10, 2018). Br. at 12.

many other GBS cases. Although Ms. Shankar's initial hospitalization and rehabilitation course was similar to many other GBS petitioners, her recovery was much, much quicker, and she was nearly back to baseline status, according to her neurologist, just one month after onset. Opp. at 8, 10; Ex. 3 at 3; Ex. 4 at 198; Ex. 10 at 7. That is one major factor that distinguishes her case from other GBS petitioners. Although I have great sympathy for Petitioner's statement that her residual symptoms have continued to the present, the evidence in the record shows that her recovery was swift, and that she ceased all treatment for an GBS-related issues approximately one year after the initial onset. Ex. 2 at 6; Ex. 3 at 3-5; Ex. 4 at 198; Ex. 17 at 1.

Petitioner had a full opportunity to present her case. She submitted a written brief, a reply brief, and presented oral argument at the damages hearing. I have considered all the evidence presented in this case, including comparable cases, and simply find her position to be unpersuasive. As I stated during the hearing, determining what, if any, pain of suffering is to be awarded is more an art than science. No specific formula can be applied, and many factors need to be balanced to reach a fair result. While I strive to some degree of consistency with prior determinations, the facts of each individual case predominate.

At bottom, no manifest injustice has been demonstrated to exist that would warrant reconsideration. An outcome unfavorable to a petitioner cannot satisfy that standard – for were that the case, *all* determinations to terminate an action in the Program would be subject to a second "round" of evaluation by the special master. Accordingly, the Motion for Reconsideration is DENIED.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master